## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ABDOUL KADER OUSSEINI MOUSSA | : | |
| 6730 Leeds St. | : | |
| Philadelphia, PA 19151 | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | No.: |
| v. | : | |
| | : | |
| C&D ENTERPRISES, INC d/b/a | : | |
| ALLIED UNIVERSAL SECURITY | : | |
| SERVICES | : | **JURY TRIAL DEMANDED** |
| 161 Washington St., Suite 600 | : | |
| Conshohocken, PA 19428 | : | |
| and | : | |
| UNIVERSAL PROTECTION | : | |
| SERVICE, LLC | : | |
| d/b/a ALLIED UNIVERSAL SECURITY | : | |
| SERVICES | : | |
| 161 Washington St., Suite 600 | : | |
| Conshohocken, PA 19428 | : | |
| | : | |
| Defendants. | : | |

## CIVIL ACTION COMPLAINT

Plaintiff, Abdoul Kader Ousseini Moussa (hereinafter referred to as "Plaintiff"), by and through his undersigned counsel, hereby avers as follows:

### I.  Introduction

1.     Plaintiff has initiated this action to redress violations by C&D Enterprises, Inc. d/b/a Allied University Security Services and Universal Protections Service, LLC d/b/a Allied Universal Security Services (*hereinafter* collectively referred to as "Defendants," unless indicated otherwise) of Title VII of the Civil Rights Act of 1964 ("Title VII" - 42 U.S.C. §§ 2000e, *et. seq.*) and the Pennsylvania Human Relations Act ("PHRA - 43 Pa. C.S. §§ 951 *et.*

*seq.*).[1] Plaintiff asserts herein that he was unlawfully terminated from his employment with Defendants in violation of these laws and seeks damages as set forth more fully herein.

## II. Jurisdiction and Venue

2.      This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. State of Washington, 326 U.S. 310 (1945) and its progeny.

3.      This action is initiated pursuant to a federal law. The United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under laws of the United States. This Court has supplemental jurisdiction over Plaintiff's future state-law claims because they arise out of the same common nucleus of operative facts as his federal claims herein.

4.      Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendants reside in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5.      Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and also dual-filed said charge with the Pennsylvania Human Relations Commission ("PHRC"). Plaintiff has properly exhausted his administrative proceedings before initiating this action by timely filing and dual-filing his

---

[1] Plaintiff's claim under the PHRA is referenced herein for notice purposes. He is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC. Plaintiff must however file his lawsuit in advance of same because of the date of issuance of his federal right-to-sue letter under Title VII. Plaintiff's PHRA claims however will mirror identically his federal claims under Title VII.

Charge with the EEOC and PHRC, and by filing the instant lawsuit within 90 days of receiving a right-to-sue letter from the EEOC.

### III.    Parties

6.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7.    Plaintiff is an adult who resides at the above-captioned address.

8.    Defendant C&D Enterprises, Inc. is a facility services company based in the United States. It also offers security systems solutions, janitorial services and staffing.

9.    Defendant Universal Protections Service, LLC is a company that primarily operates in the Security Guard Service business / industry.

10.    Upon information and belief, because of their interrelation of operations, common ownership or management, centralized control of labor relations, common ownership or financial controls, and other factors, Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership and management that they may be treated as a single and/or joint employer for purposes of the instant action.

11.    At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the benefit of Defendants.

### IV.    Factual Background

12.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

13.    Plaintiff is a black male from Niger.

3

14.     Plaintiff was born Muslim and still strictly adheres to his religion, including but not limited to, diet, consistent attendance at Mosque, prayer every day and observance of holidays (or holy days).

15.     Plaintiff was hired by Defendants in or about September of 2011 as a security officer.

16.     Plaintiff worked for Defendants for approximately seven (7) years until we was unlawfully terminated on or about May 22, 2019 (discussed further *infra*).

17.     While employed with Defendants, Plaintiff was a dedicated and hard-working employee who performed his job well.

18.     During his employment with Defendants, Plaintiff worked as a security guard at multiple different locations; however, for the last approximate two years of his employment, Plaintiff was placed to work at a third-party location – Presbyterian Medical Center (in Philadelphia, PA).

19.     Towards the end of his employment with Defendants, Plaintiff was primarily supervised by one, Nicholas Kulin (non-Muslim).

20.     Under the supervision of Kulin, Plaintiff typically worked the 4:00 p.m. – 12:00 a.m. shift.

21.     On or about May 16, 2018, Plaintiff requested from Kulin to be switched to the 8:00 a.m. – 4:00 p.m. shift for approximately one (1) month for observance of the Ramadan holiday commencing on May 17, 2018 (a reasonable religious accommodation).

22.     Even though Plaintiff's request to switch shifts was an easy accommodation, as others would have switched or could have been rotated onto his shift, his aforesaid accommodation request was denied.

23.     After Plaintiff's first religious accommodation request was denied (discussed *supra*), Plaintiff requested of Kulin an alternative religious accommodation of being allowed to commence his (already permitted) thirty-minute break at 8:15 p.m. sharp for the month of Ramadan so that he could pray and eat after fasting all day.

24.     Plaintiff was assured by Kulin that he would be given his alternative religious accommodation (discussed in Paragraph 23 of this Complaint) and that his supervisor would relieve him for his aforesaid religious break each night.

25.     However, on his first three (3) days scheduled to work during the month of Ramadan (May 19, 2018 through May 21, 2018), Plaintiff was never relieved for his break and therefore not provided the alternative religious accommodation that he had requested.

26.     As a result of the foregoing, Plaintiff expressed to Kulin that he had concerns with Defendants refusing to accommodate his religious beliefs.

27.     On or about May 22, 2018, in close proximity to his aforementioned complaint of religious discrimination/failure to accommodate, Plaintiff was terminated from his employment with Defendants for completely pretextual reasons.

### First Cause of Action
### Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")
### (Religious Discrimination & Retaliation)
### -Against Both Defendants-

28.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

29.     Plaintiff was: (1) denied reasonable religious accommodations; (2) terminated due to his religious beliefs, his requested accommodations, and/or for expressing concerns of religious discrimination.

30.     Defendants' actions as aforesaid constitute violations of Title VII.

**WHEREFORE**, Plaintiff prays that this Court enter an order providing that:

A.      Defendants are to be prohibited from continuing to maintain their illegal policy, practice, or custom of retaliating against employees and are to be ordered to promulgate an effective policy against such discrimination/retaliation and to adhere thereto;

B.      Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, bonuses and medical and other benefits.  Plaintiff should be accorded those benefits illegally withheld from the date he first suffered discrimination/retaliation at the hands of Defendants until the date of verdict;

C.      Plaintiff is to be awarded punitive damages as permitted by applicable law in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct, and to deter Defendants from engaging in such misconduct in the future;

D.      Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to emotional distress/pain and suffering damages - where permitted under applicable law(s)).

E.      Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F.      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law;

G.      Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law.  Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

Ari R. Karpf, Esquire
3331 Street Road
Building 2, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: May 20, 2019

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Abdoul Kader Ousseini Moussa | : | CIVIL ACTION |
| v. | : | |
| C&D Enterprises, Inc. d/b/a Allied Universal Security Services, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X )

| | | |
|---|---|---|
| 5/20/2019 | [signature] | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff:  6730 Leeds Street, Philadelphia, PA 19151

Address of Defendant:  161 Washington Street, Suite 600, Conshohocken, PA 19428

Place of Accident, Incident or Transaction:  Defendants place of business

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year   Yes ☐   No ☒
   previously terminated action in this court?

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit   Yes ☐   No ☒
   pending or within one year previously  terminated action in this court?

3. Does this case involve the validity or infringement of a patent already in suit or any earlier   Yes ☐   No ☒
   numbered case pending or within one year previously  terminated action of this court?

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights   Yes ☐   No ☒
   case filed by the same individual?

I certify that, to my knowledge, the within case ☐ is / ☒ is **not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE:  5/20/2019       _____       ARK2484 / 91538
                       *Attorney-at-Law / Pro Se Plaintiff*       *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.** *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☒ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
      *(Please specify):* _____

**B.** *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
      *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I,  Ari R. Karpf _____ , counsel of record *or pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c ) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE:  5/20/2019       _____       ARK2484 / 91538
                       *Attorney-at-Law / Pro Se Plaintiff*       *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

OUSSEINI MOUSSA, ABDOUL KADER

**DEFENDANTS**

C&D ENTERPRISES, INC. D/B/A ALLIED UNIVERSAL SECURITY SERVICES, ET AL.

**(b)** County of Residence of First Listed Plaintiff     Bucks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

1  U.S. Government
   Plaintiff

**X** 3  Federal Question
   *(U.S. Government Not a Party)*

2  U.S. Government
   Defendant

4  Diversity
   *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                 *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- 365 Personal Injury - Product Liability
- 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**CIVIL RIGHTS**
- 440 Other Civil Rights
- 441 Voting
- **X** 442 Employment
- 443 Housing/ Accommodations
- 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- 463 Alien Detainee
- 510 Motions to Vacate Sentence
- 530 General
- 535 Death Penalty

Other:
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition
- 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- 625 Drug Related Seizure of Property 21 USC 881
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Management Relations
- 740 Railway Labor Act
- 751 Family and Medical Leave Act
- 790 Other Labor Litigation
- 791 Employee Retirement Income Security Act

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 835 Patent - Abbreviated New Drug Application
- 840 Trademark

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**IMMIGRATION**
- 462 Naturalization Application
- 465 Other Immigration Actions

**OTHER STATUTES**
- 375 False Claims Act
- 376 Qui Tam (31 USC 3729(a))
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit
- 490 Cable/Sat TV
- 850 Securities/Commodities/ Exchange
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 893 Environmental Matters
- 895 Freedom of Information Act
- 896 Arbitration
- 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

**X** 1 Original Proceeding
2 Removed from State Court
3 Remanded from Appellate Court
4 Reinstated or Reopened
5 Transferred from Another District *(specify)*
6 Multidistrict Litigation - Transfer
8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII (42USC2000)

Brief description of cause:
Violations of Title VII and the Pennsylvania Human Relations Act.

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:   **X** Yes   No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE                                          DOCKET NUMBER

DATE   5/20/2019

SIGNATURE OF ATTORNEY OF RECORD

### FOR OFFICE USE ONLY

RECEIPT #          AMOUNT                 APPLYING IFP              JUDGE              MAG. JUDGE

Print          Save As...                                                   Reset